IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN C. CANNON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:03-CV-2911-N |
| ST. PAUL FIRE AND MARINE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant St. Paul Fire and Marine Insurance Company's ("St. Paul") Motion for Summary Judgment filed on September 21, 2004. The Court grants St. Paul's motion.

**I. BACKGROUND**

Plaintiff John C. Cannon ("Cannon") was an employee of St. Paul. St. Paul hired Cannon as a Regional Marketing Director ("RMD") in January 2002. Shortly after Cannon began working for St. Paul, St. Paul terminated his supervisor, the Regional Executive, and promoted Robin Nicks to the position. St. Paul began receiving complaints both internally and externally about Cannon's work and was disappointed with his progress in the RMD position. Cannon's supervisors at St. Paul met repeatedly with Cannon to explain St. Paul's expectations and even secured a mentor for Cannon. However, Cannon did not progress as desired. In July 2002, Robin Nicks placed Cannon on a Performance Improvement Plan, giving Cannon forty-five days to improve his performance. Cannon failed to meet his

performance goals under the plan and was terminated in September 2002. Cannon filed the instant suit claiming age and gender discrimination in violation of the Texas Labor Code, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act. St. Paul now moves for summary judgment on all claims.

## II. STATE LAW CLAIMS

St. Paul moves to dismiss all of Cannon's state law claims for age and gender discrimination under the Texas Labor Code for failure to exhaust his administrative remedies. In his Brief in Response to St. Paul's Motion for Summary Judgment, Cannon concedes that his state law claims are not properly before the Court and withdraws them. Accordingly, the Court grants St. Paul's motion for summary judgment with respect to Cannon's state law discrimination claims.

## III. FEDERAL CLAIMS

St. Paul moves to dismiss all of Cannon's federal discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA").

### A. Failure to Promote Claims

The Court first considers whether Cannon failed to exhaust his administrative remedies. St. Paul contends the Court must grant summary judgment on the failure to promote Cannon to Regional Executive claims because Cannon did not raise them in the charge he filed with the Equal Employment Opportunity Commission ("EEOC"). Before filing suit, a plaintiff must present his claims of discrimination in a charge to the EEOC and the scope of any subsequent suit is limited to the claims presented to the EEOC. *Nat'l Ass'n*

*of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir. 1994). Cannon's EEOC charge makes no reference to St. Paul's failure to promote him to Regional Executive; thus, the Court holds that Cannon did not literally present his failure to promote claims to the EEOC.

The Court next considers whether Cannon's failure to promote claims would have been discovered by a reasonable investigation of the claims he did present. If the claims at issue were not literally presented in the EEOC charge, the plaintiff may still file suit on any similar claim that could reasonably have been expected to grow out of an investigation of the initial charges of discrimination. *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). The summary judgment record shows that Dennis Crosby made the decision not to promote Cannon to Regional Executive while Cannon's EEOC charge complains of Robin Nicks' conduct in placing Cannon on the Performance Improvement Plan and ultimately terminating him. Furthermore, Robin Nicks was promoted to Regional Executive instead of Cannon in March or April of 2002. Cannon's charge with the EEOC alleged that St. Paul's discriminatory conduct began on July 26, 2002, (the date Cannon began the Performance Improvement Plan) and ended on September 9, 2002, (the date Robin Nicks terminated Cannon).[1] Here, the failure to promote claim would not reasonably be expected to grow out of the EEOC's investigation; thus, the failure to promote claim is outside the scope of Cannon's charge filed with the EEOC.

---

[1] "The leniency accorded a layman in drafting the EEOC charge should not be extended to an attorney." *White v. North Louisiana Legal Assistance Corp.*, 468 F. Supp. 1347, 1352 (W.D. La. 1979). Thus, the Court need not extend Cannon any leniency in comparing the EEOC charge to his pleadings because Cannon's attorney drafted the EEOC charge.

ORDER – PAGE 3

St. Paul also argues that, even if Cannon had raised the failure to promote claims, he failed timely to file such a charge with the EEOC. Before a plaintiff may file suit, he must present his discrimination claims in a charge to the EEOC within 180 or 300 days of the allegedly discriminatory practice. 42 U.S.C. § 2000e-5(e)(1) (Title VII claims); 29 U.S.C. § 626(d) (ADEA claims). Here, Robin Nicks was promoted to Regional Executive by at least April 2002. Cannon filed his charge with the EEOC on May 6, 2003, well in excess of 300 days later. Thus, Cannon did not timely file his claims based on St. Paul's failure to promote him, unless that failure was part of a continuing violation.

The Court holds that Cannon's failure to promote claims were not part of a continuing violation. In *AMTRAK v. Morgan*, 536 U.S. 101 (2002), the Supreme Court clarified the continuing violations doctrine. The Court stated that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* at 114. The Court therefore held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." *Id.* at 113. The Fifth Circuit has also followed *Morgan*, finding that a demotion occurring more than 300 days before the EEOC charge was a discrete employment action that does not get the benefit of the continuing violations doctrine. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 280 (5th Cir. 2004). Here, the failure to promote Cannon was a discrete act that was required to be

ORDER – PAGE 4

presented to the EEOC within 300 days of occurring. Thus, Cannon failed timely to present this charge to the EEOC and cannot avail himself of the continuing violations doctrine.[2] Accordingly, the Court grants St. Paul's motion for summary judgment with respect to the failure to promote claims.

### B. *Performance Improvement Plan Claims*

St. Paul moves for summary judgment on Cannon's claims based on the Performance Improvement Plan because requiring Cannon successfully to complete the Plan is not an actionable adverse employment action. At the outset, Cannon claims that recent Supreme Court and Fifth Circuit precedents drastically altered the summary judgment landscape in employment cases relying on circumstantial evidence. The Fifth Circuit recently clarified the proper summary judgment analysis in *Rachid v. Jack in the Box, Inc.*:

> Under . . . the modified *McDonnell Douglas* approach: the plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motives alternative). If a plaintiff demonstrates that age was a motivating factor in the employment decision, it then falls to the defendant to prove that the same adverse employment decision would have been made regardless of discriminatory animus. If the employer fails to carry this burden, plaintiff prevails.

---

[2]St. Paul also moves to dismiss the promotion based claims because the summary judgment record reveals that Cannon has no evidence of unlawful discrimination. Because the Court dismisses the failure to promote claim for failure to exhaust administrative remedies, the Court does not consider St. Paul's alternate grounds for relief.

ORDER – PAGE 5

376 F.3d 305, 312 (5th Cir. 2004) (internal quotations and citations omitted). Thus, summary judgment procedure in a circumstantial evidence case has been changed only at the third stage where a plaintiff may elect to proceed under either the pretext theory or mixed-motives theory; the plaintiff must still present a prima facie case. In order to establish a prima facie case of disparate treatment discrimination, the plaintiff must prove "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by someone not of the protected class or others similarly situated were more favorably treated." *Stewart v. Mo. Pac. R.R.*, 121 Fed. Appx. 558, 561 (5th Cir. 2005). *See also Okoye v. Univ. of Tex. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

Cannon also argues that he has direct evidence of discrimination, relieving him entirely of the duty to establish a prima facie case of discrimination. It is true that employment discrimination plaintiffs with direct evidence of discrimination need not proceed under the burden-shifting analysis clarified in *Rachid*. *See, e.g.*, *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985); *Lawrence v. University of Texas Med. Branch*, 163 F.3d 309, 312 (5th Cir. 1999). However, even if Cannon produces direct evidence of discrimination, he must have been subject to an adverse employment action to sue under either Title VII or the ADEA. 42 U.S.C. § 2000e-2(a); 29 U.S.C. § 623(a); *Okoye*, 245 F.3d at 512-13 (Title VII); *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003) (ADEA). Thus, Cannon must still show an adverse employment action.

Cannon cannot succeed on his claim of discrimination with respect to the Performance Improvement Plan because being required successfully to complete such a plan is not an

ORDER – PAGE 6

adverse employment action as a matter of law. The Fifth Circuit has held repeatedly that adverse employment actions must be ultimate in nature and do not include "every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995). "'Ultimate employment decisions' include acts 'such as hiring, granting leave, discharging, promoting, and compensating.'" *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997) (quoting *Dollis*, 77 F.3d at 782).

The Performance Improvement Plan is not an actionable adverse employment action because it is not an ultimate employment decision. For example, an employer who is unhappy with an employee's job performance does not take an actionable adverse employment action by placing written reprimands in the employee's file. *Mattern*, 104 F.3d at 708 ("[H]aving documented reprimands in her file may have increased the chance that she would eventually suffer an adverse employment action but, like the actions in *Dollis*, neither were they ultimate employment decisions . . . ."). Similarly, receiving low performance evaluation scores from an employer is not an actionable adverse employment action. *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 373 n.11 (5th Cir. 1998) ("[T]he evidence is insufficient to demonstrate that the evaluation itself constitutes an adverse employment action actionable under Title VII."). The Fifth Circuit has even held that placing an employee on probation with a temporary loss of pay is not actionable as an adverse employment action. *Stewart v. Mo. Pac. R.R.*, 121 Fed. Appx. 558, 562-63 (5th Cir. 2005). Thus, an employer who is unsatisfied with an employee's work does not make an ultimate employment decision when placing the employee in a remedial program.

ORDER – PAGE 7

Accordingly, the Court grants St. Paul's motion for summary judgment with respect to the Performance Improvement Plan claims.

### *C.  Termination Claims*

St. Paul moves for dismissal of Cannon's claims premised on his termination because: (1) the summary judgment record reveals no direct evidence of discrimination, (2) Cannon fails to raise a fact issue regarding whether St. Paul's legitimate non-discriminatory reason was a pretext, and (3) Cannon also fails to raise a fact issue regarding whether age or gender discrimination was a motivating factor in Cannon's termination.

The Court first considers whether Cannon has direct evidence of discrimination. The only potential direct evidence of age and gender discrimination is Robin Nicks' statement to Cannon telling him that Nicks did not want Cannon to participate in the "good ol' boy sales rep" activities. St. Paul argues the comment is a "stray remark" that is not evidence of discrimination. "[I]n order for comments in the workplace to provide sufficient evidence of discrimination, they must be '1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the [complained-of adverse employment decision]; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue.'" *Rubinstein v. Administrators of the Tulane Educ. Fund*, 218 F.3d 392, 400-01 (5th Cir. 2000); (quoting *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996) (brackets in original)).

The Court holds that the "good ol' boy" remark fails to meet three of the four elements. First, the terms "ol'" and "boy" in context do not actually relate to age and gender as Cannon claims. The Court holds that these terms in context mean a matter of style –

ORDER – PAGE 8

specifically a sales and marketing approach as contrasted with the strategic planning that made up Cannon's job duties. Second, Robin Nicks made this remark approximately five months before terminating Cannon, making it remote in time from the adverse employment action. Third, and finally, this remark was not related to Nicks' decision to fire Cannon. Rather it was related to defining Cannon's duties by distinguishing them from the sales staff's duties. As a result, Cannon has failed to produce any direct evidence of discriminatory animus.

The Court next considers whether Cannon can make out a prima facie case for either age or gender discrimination when Cannon was replaced by a male candidate only insignificantly younger than Cannon. To make out a prima facie case for discrimination, Cannon must prove, among other things, that "he was replaced by someone not of the protected class or others similarly situated were more favorably treated he." *Okoye v. Univ. of Tex. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). Here, St. Paul replaced Cannon with another male employee, Mickey Krefting. Thus, Cannon's mere replacement with Krefting cannot establish a prima facie case for gender discrimination.

St. Paul also argues that because Cannon's replacement was only seven years younger, Cannon cannot establish a prima facie case of age discrimination. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) ("[A]n inference [of discrimination] cannot be drawn from the replacement of one worker with another worker insignificantly younger."); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998) ("[N]o reasonable jury could find that Bush's 41 year old replacement was 'substantially younger' than Bush (then 46 years old)."). The Fifth Circuit considered an age disparity of

ORDER – PAGE 9

five years in *Rachid*; although the Court did not decide whether a five year difference was substantial or not, it did note that it presented "a close question." *See Rachid*, 376 F.3d at 313. The Court is not prepared to declare an age difference of approximately seven years insubstantial as a matter of law.[3] Thus, the Court will assume that Cannon established a prima facie case of discrimination.

The Court next considers whether Cannon's circumstantial evidence of discrimination is sufficient to create a genuine issue of material fact regarding whether St. Paul's legitimate nondiscriminatory reason for terminating Cannon was a pretext or whether age or gender discrimination was a motivating factor in Cannon's discharge. The circumstantial evidence is: (1) Robin Nicks' comment to a co-worker that "she would really prefer it if Cannon was not in the job;" (2) Robin Nicks' keeping performance related data on Cannon but not on other employees who directly reported to Nicks; (3) Collins, a younger male, was allowed to go play golf while Cannon was not; (4) discussing Cannon's performance with other St. Paul employees but not discussing anyone but Cannon; (5) inviting younger female employees to meetings, functions and meals but not Cannon; (6) Ripa, a younger employee, was allowed to buy incentives for agents but Nicks refused to allow Cannon to buy an agent a dozen golf balls; (7) placing Cannon on the Performance Improvement Plan; and (8) replacing Cannon with a younger man.

---

[3]However, such a small disparity does tend to rebut any circumstantial evidence of discriminatory intent. Because St. Paul argues that Cannon's circumstantial evidence is insufficient at the pretext/mixed-motives stage, the Court addresses such argument below in the context of the third step of the burden shifting analysis.

ORDER – PAGE 10

The Court holds that these comments, either individually or in the aggregate, are insufficient to raise a fact issue of pretext or mixed motive. Robin Nicks' comment that she would prefer it if Cannon were not working at St. Paul is not related to age or gender and thus, is not probative of discrimination. *See Rubinstein*, 218 F.3d at 400-01. The remaining facts also do not tend to rebut St. Paul's legitimate nondiscriminatory reason or show discrimination was a motivating factor. Cannon's circumstantial evidence of age or gender discrimination must raise a fact issue on whether other employees were "treated differently under circumstances 'nearly identical' to his." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995). None of the alleged disparate treatments involved employees who were similarly situated to Cannon. For example, none of the younger female employees Nicks allegedly invited to more events than Cannon was an RMD like Cannon was. Furthermore, there is no evidence that other employees who reported directly to Robin Nicks had Cannon's level of responsibility or work history. Cannon also has no evidence that St. Paul was motivated by discriminatory animus when it placed him on the Performance Improvement Plan. Cannon's assertion that he completed the Performance Improvement Plan while Robin Nicks did not amounts to questioning St. Paul's business judgment. *See id.* at 1091 ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive."). As already indicated, the small disparity between the ages of Cannon and his male replacement Mickey Krefting is no evidence of gender discrimination and, at best, weak evidence of age discrimination. *See O'Connor*, 517 U.S. at 313. Even assuming these facts are true, they constitute no more than

a scintilla of evidence showing that St. Paul terminated Cannon because of his age or gender. Accordingly, the Court grants St. Paul's motion for summary judgment.

SIGNED May 5, 2005.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 12